UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) Criminal No. 16-10343-ADB |
| JOHN KAPOOR, et al., | ) ) ) |
| Defendants. | ) ) ) |

# **GOVERNMENT'S MEMORANDUM REGARDING FED. R. EVID. 613(b)**

By and through the undersigned Assistant U.S. Attorneys, the government hereby submits this brief memorandum regarding Fed. R. Evid. 613(b) in advance of the anticipated testimony by federal agents.

I.  LEGAL STANDARD

Fed. R. Evid. 613(b) states, in pertinent part:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

Accordingly, Rule 613(b) permits admission of extrinsic evidence of a witness's prior inconsistent statement only when a proper foundation has been laid by giving the witness an opportunity to explain or deny the out of court statement. *See United States v. Pridgen*, 518 F.3d 87, 91 (1st Cir. 2008). *See also United States v. Vazquez-Rivera*, 407 F.3d 476, 483 (1st Cir. 2005) and *United States v. Bibbs*, 564 F.2d 1165, 1169 (5th Cir. 1977).

In *Bibbs* the Fifth Circuit explained,

> The traditional practice of requiring a foundation to be laid during cross-examination of the witness to be impeached had three objectives: (1) to avoid unfair surprise by giving the opposite

> party an opportunity to draw a denial or an explanation from the witness on redirect examination; (2) to give the witness himself an opportunity to deny or to explain the apparent discrepancy; and (3) to save time. The first and second objectives can be achieved by giving the witness an opportunity to explain or to deny a prior or a subsequent inconsistent statement at any time during the trial. The third objective, to save time, is relevant in the context of impeachment by prior inconsistent statements.

*Id.*

In *United States v. Winchenbach*, 197 F.3d 548, 559 (1st Cir. 1999), the First Circuit explained,

> … In our view, Rule 613(b) applies when two statements, one made at trial and one made previously, are irreconcilably at odds. In such an event, the cross-examiner is permitted to show the discrepancy by extrinsic evidence if necessary—not to demonstrate which of the two is true but, rather, to show that the two do not jibe (thus calling the declarant's credibility into question). In short, comparison and contradiction are the hallmarks of Rule 613(b).

*Id.*

Furthermore, the Court should not allow the defense to call federal agents to impeach by contradiction. In *United States v. Cruz-Rodriguez*, 541 F.3d 19, 29 (1st Cir. 2008), defendant moved to admit the testimony of certain agents that government witnesses failed to tell them (1) that the defendant brought guns to the witness's apartment and (2) the defendant sold drugs other than marijuana. The court held that such "impeachment by contradiction" was collateral and could not be proved by extrinsic evidence.

> Specifically, [Cruz] asserted that although the prosecution witnesses testified that they made certain statements to the agents, the agents would testify that notes they took when interviewing these witnesses failed to reflect those statements. The district court, however, ruled that the extrinsic evidence Cruz sought to admit-the testimony of the agents-was inadmissible because it involved impeachment by contradiction on a collateral matter. Although Cruz's argument on

2

> appeal does not address the court's collateral matter ruling in any developed fashion, he maintains that the agents' testimony was admissible under Federal Rule of Evidence 613 which allows impeachment by prior inconsistent statement. … Cruz's appellate argument fails to sufficiently address the merits of the court's collateral matter ruling.  The district court could have concluded that although the officer's testimony was relevant to prove a contradiction, the contradiction involved a collateral matter. *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir.1993) ("It is well established that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter."). On appeal, Cruz needed to argue both that the evidence was admissible for some purpose and that the evidence was useful to impeach the government witnesses on a non-collateral matter. His failure to develop the latter argument results in waiver of this claim. …

*Id.* In a footnote the First Circuit explained further,

> Cruz appears to confuse impeachment by contradiction with impeachment by prior inconsistent statement. *See United States v. Morla-Trinidad*, 100 F.3d 1, 5 n. 3 (1st Cir.1996) (explaining that impeachment by contradiction is not specifically treated in the Federal Rules of Evidence and is governed by common-law principles) (citations omitted); see also Fed.R.Evid. 613 (impeachment by prior inconsistent statement). Although there is some overlap, the former category is broader than the latter. At trial, Cruz sought to introduce extrinsic evidence that the witnesses did not make prior statements to government agents. Cruz did not attempt to offer evidence that the witnesses made prior statements inconsistent with their trial testimony. In any event, whether a party is seeking to impeach by prior inconsistent statement or by contradiction the collateral matter rule remains applicable.

*Id.* at note 4.[1]

---

[1] *But see, United States v. Catalan-Roman*, 585 F.3d 453, 469 (1st Cir. 2009), finding that FBI agents should have been allowed to impeach a witness's account of a robbery in a death penalty case.  The agents would testify that the witness did not disclose certain details that he testified to at trial.  "For example, the 302 does not mention that [the victim] pleaded for his life and held up his arms to shield himself before [defendant] shot him several times at 'point blank range,' or that [defendant] glanced defiantly at [the witness] before taking that action."

## II.     CONCLUSION

For the reasons set forth herein, the defense must establish that Alec Burlakoff was confronted during cross-examination with a purported prior inconsistent statement. If the defense cannot establish the proper foundation, the defense should be precluded from questioning federal agents about alleged prior inconsistent statements made by Burlakoff. Furthermore, the defense should not be permitted to impeach Burlakoff by contradiction on collateral matters.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     *s/ Fred M. Wyshak, Jr.*
        Fred M. Wyshak, Jr.
        K. Nathaniel Yeager
        David Lazarus
        Assistant U.S. Attorneys