IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * *      16CR10343-ADB
UNITED STATES OF AMERICA*
                         *
VS.                      *   MAY 2, 2019
                         *   2:21 P.M.
MICHAEL J. GURRY, et al  *
                         *
* * * * * * * * * * * *      BOSTON, MA
```

BEFORE THE HONORABLE ALLISON D. BURROUGHS

DISTRICT JUDGE

(Jury Trial - Day 53)

**APPEARANCES**:

FOR THE GOVERNMENT:     DAVID G. LAZARUS, AUSA
                        FRED M. WYSHAK, JR., AUSA
                        K. NATHANIEL YEAGER, AUSA
                        United States Attorney's Office
                        1 Courthouse Way
                        Suite 9200
                        Boston, MA 02210

FOR THE DEFENDANT,
MICHAEL J. GURRY:       TRACY A. MINER, ESQ.
                        Miner Orkand Siddall LLP
                        470 Atlantic Ave.
                        4th Floor
                        Boston, MA  02210

FOR THE DEFENDANT,
RICHARD M. SIMON:       EILEEN H. CITRON, ESQ.
                        STEVEN A. TYRELL, ESQ.
                        Weil, Gotshal & Manges LLP
                        2001 M Street, N.W.
                        Suite 600
                        Washington, DC  20036

```
 1
        APPEARANCES (Cont'd):
 2
        FOR THE DEFENDANT,
 3      SUNRISE LEE:           PETER C. HORSTMANN, ESQ.
                               Law Offices of Peter Charles
 4                             Horstmann
                               450 Lexington Street
 5                             Suite 101
                               Newton, MA  02466
 6
        FOR THE DEFENDANT,
 7      JOSEPH A. ROWAN:       MICHAEL KENDALL, ESQ.
                               White & Case, LLP
 8                             75 State Street
                               Boston, MA  02109
 9
        FOR THE DEFENDANT,
10      JOHN KAPOOR:           BETH WILKINSON, ESQ.
                               KOSTA S. STOJILKOVIC, ESQ.
11                             Wilkinson Walsh Eskovitz
                               2001 M St. NW
12                             Washington, DC  20036

13
        Court Reporter:        Debra D. Lajoie, RPR-FCRR-CRI-RMR
14                             1 Courthouse Way
                               Boston, MA  02210
15

16
                 Proceeding reported and produced
17                 by computer-aided stenography

18

19

20

21

22

23

24

25
```

```
 1    2 MAY 2019 -- 2:21 P.M.
 2            (The jury is present for the following)
 3            THE CLERK:  Members of the jury, please remain
 4    standing.  All others, please be seated.
 5    Mr. Foreperson, has the jury reached a unanimous
 6    verdict?
 7            THE JUROR:  Yes, ma'am.
 8            THE CLERK:  Will you please hand it to the
 9    Court.
10            THE CLERK:  Okay.  Will the Defendants please
11    stand.
12            Mr. Foreperson and members of the jury, please
13    listen to your verdict, as it is read into the record.
14            In the case of the United States v.
15    Michael Gurry, et al, Criminal Matter 16-10343, the
16    verdict is as follows:
17            "Question 1, Do you, the jury, unanimously find
18    that the Government has proven beyond a reasonable
19    doubt that Defendant, Michael Gurry, is guilty of
20    conspiring to conduct or to participate, directly or
21    indirectly, in the conduct of the affairs of an
22    enterprise through a pattern of racketeering activity,
23    as charged in Count I of the indictment?
24            "Guilty.
25            "Question 2:  Which of the following types of
```

racketeering activity do you, the jury, unanimously find that the Defendant, Michael Gurry, agreed that he or another conspirator would intentionally commit?"

For mail fraud, greater than two; wire fraud, greater than two.

"Question 3:  Do you, the jury, unanimously find that the Government has proven beyond a reasonable doubt that Defendant, Richard M. Simon, is guilty of conspiring to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, as charged in Count I of the indictment?

"Guilty.

"Question 4:  Which of the following type or types of racketeering activity do you, the jury, unanimously find that the Defendant, Richard M. Simon, agreed that he or another conspirator would intentionally commit?

"Illegal distribution of a controlled substance, greater than two; mail fraud, greater than two; wire fraud, greater than two; honest services mail fraud, greater than two; honest services wire fraud, greater than two.

"Question 5:  Do you, the jury, unanimously find that the Government has proven beyond a reasonable

1    doubt that the Defendant, Sunrise Lee, is guilty of
2    conspiring to conduct or to participate, directly or
3    indirectly, in the conduct of the affairs of an
4    enterprise through a pattern of racketeering activity,
5    as charged in Count I of the indictment?
6         "Guilty.
7         "Question 6:  Which of the following type or
8    types of racketeering activity do you, the jury,
9    unanimously find that the Defendant, Sunrise Lee,
10   agreed that she or another conspirator would
11   intentionally commit?
12        "Illegal distribution of a controlled substance,
13   greater than two; mail fraud, greater than two; wire
14   fraud, greater than two; honest services mail fraud,
15   greater than two; honest services wire fraud, greater
16   than two.
17        "Question 7:  Do you, the jury, unanimously find
18   that the Government has proven beyond a reasonable
19   doubt that Defendant, Joseph A. Rowan, is guilty of
20   conspiring to conduct or to participate, directly or
21   indirectly, in the conduct of the affairs of an
22   enterprise through a pattern of racketeering activity,
23   as charged in Count I of the indictment?
24        "Guilty.
25        "Question 8:  Which of the following type or

 1    types of racketeering activity do you, the jury,
 2    unanimously find that the Defendant, Joseph A. Rowan,
 3    agreed that he or another conspirator would
 4    intentionally commit?
 5         "Illegal distribution of a controlled substance,
 6    greater than two; mail fraud, greater than two; wire
 7    fraud, greater than two; honest services mail fraud,
 8    greater than two; honest services wire fraud, greater
 9    than two.
10         "Question 9:  Do you, the jury, unanimously find
11    that the Government has proven beyond a reasonable
12    doubt that Defendant, John Kapoor, is guilty of
13    conspiring to conduct or to participate, directly or
14    indirectly, in the conduct of the affairs of an
15    enterprise through a pattern of racketeering activity,
16    as charged in Count I of the indictment?
17         "Guilty.
18         "Question 10:  Which of the following type or
19    types of racketeering activity do you, the jury,
20    unanimously find that the Defendant, John Kapoor,
21    agreed that he or another conspirator would
22    intentionally commit?
23         "Illegal distribution of a controlled substance,
24    greater than two; mail fraud, greater than two; wire
25    fraud, greater than two; honest services mail fraud,

1  greater than two; honest services wire fraud, greater
2  than two."
3          Mr. Foreperson, members of the jury, do you
4  agree with the verdict, as it was just read into the
5  record?
6          THE JURORS:  Yes.
7          THE CLERK:  Thank you.  You may be seated.
8          THE COURT:  All right.  Anything from the
9  parties at this point?
10         All right.  I want to thank you all for your
11 services and the alternates as well.  And I'm thanking
12 you not for your verdict, which I pass no judgment on
13 one way or the other, but I thank you for being here
14 every day, for showing up on time, for paying attention
15 and being an incredibly diligent and conscientious
16 jury.  We all appreciate it.
17         We know it is a huge sacrifice to take 14 weeks
18 out of your normal lives and to be here virtually every
19 day, and I hope that you found the service rewarding,
20 but I know that we have all benefited by your
21 participation in this process.
22         I need to take a couple of minutes to talk to
23 the parties.  It is my practice to talk to juries
24 before they're actually dismissed, including the
25 alternates.  So I hope that you all go up there and

1  wait for me to get up there.  It'll take me just a few
2  minutes.  It's optional, you don't have to, your
3  service is completed, but I would like to have the
4  chance to have a few words, particularly after a trial
5  of this length.
6          We're going to dismiss you.  We are all going to
7  rise one more time in your honor and out of respect for
8  the job that you all have done here.
9          THE CLERK:  All rise for the jury.
10         (The jury is not present for the following)
11         THE COURT:  I, once again, want to thank you all
12 and commend you on a job exceptionally well and
13 professionally done.  And as with any case, and
14 particularly a criminal case, the outcome is not liked
15 by all of the parties in the room, and I fully
16 understand that.  But regardless of the outcome, you
17 all should be proud of the work that you've done here.
18 And to the Defendants, your lawyers have done yeoman
19 work on your behalf, and the Court at least appreciates
20 that.
21         Karen's going to give you a sentencing date.
22 You're all being referred to Probation for the
23 preparation of pretrial reports.  Are you going to give
24 them dates now, Karen, or you want to --
25         THE CLERK:  It doesn't matter, or we can -- I

1      can email them or --
2             THE COURT:  Just the number might -- we'll
3      suggest dates, and you let us know if those dates work,
4      or do you want to do it right now?
5             MS. WILKINSON:  We'd rather wait, Your Honor.
6             THE COURT:  Okay.  So let's wait, and we'll do
7      that later.
8             I am going up to talk to the jury.  I have a
9      very general conversation with them, but to the extent
10     that they want to comment or they're -- I'm happy to
11     share with you whatever comments they have.  If there
12     is anything that any of you particularly would like me
13     to talk to them about, I'm happy to hear that at
14     sidebar and take it into account in my remarks to them.
15            But, again, thank you all.  I know this is a
16     difficult day, particularly for the Defendants, and I
17     don't think it's an easy day for any of us.  We've all
18     sat in this Courtroom and gotten to know each other
19     over the last 14 weeks, so the jury has spoken, and we
20     all accept their verdict, but I understand that it is
21     an easier day for some than for others.
22            So we're going to recess the case.  We'll see
23     you all back in about 12 weeks.  And if counsel wants
24     to --
25            MR. WYSHAK:  Your Honor, we would like to

1   address conditions of release for at least Mr. Kapoor.
2           THE COURT:  You want conditions different than
3   what he's been on?
4           MR. WYSHAK:  Yes, more restrictive, only because
5   he has assets outside the country, significant assets,
6   he's a native of a foreign country where he still has
7   contacts, has traveled to, has family there, and we
8   think, because of the nature of his wealth, they should
9   be more restrictive.
10          THE COURT:  What specifically are you asking
11  for?
12          MR. WYSHAK:  We're asking for house arrest on a
13  bracelet.
14          THE COURT:  Denied.
15          He is -- to expand on that, Mr. Kapoor has shown
16  up every day, he's been nothing but respectful in this
17  Court.  There are still motions pending.  I'm sure
18  there'll be post-trial motions pending.
19          Mr. Kapoor, I am confident that you understand
20  that not showing up for proceedings going forward is
21  only going to make your situation worse than it is now.
22          So I'm not going to impose more restrictive
23  conditions, at least not that one.  If you wanted to
24  propose something else, I might be more amenable to it,
25  but I'm not putting him on house arrest at this

1    juncture.
2         MR. WYSHAK:  Well, in the alternative, daily
3    reporting to Probation by telephone.
4         MS. WILKINSON:  Your Honor, that's unnecessary.
5    He's been reporting every time he travels to Probation.
6         THE COURT:  I'm not -- I think the daily
7    reporting is burdensome both on him and on Probation.
8    I'm not going to do that either.  If you want to
9    address other conditions in the next few days, go ahead
10   and propose them, and I'll talk to Probation about it.
11   We don't have anybody up here now, and I want to --
12        MR. WYSHAK:  As I understand his -- if I'm
13   correct, his travel is restricted to the county in
14   which he currently resides?
15        THE COURT:  Without permission, that's right.
16        MS. WILKINSON:  Right.  And he has asked
17   permission every time.
18        THE COURT:  Yes, he's been wholly compliant.
19   He's been respectful and attentive and prompt and
20   complied with every deadline and condition that's been
21   imposed on him until this point, and I don't have any
22   reason to think that he's going to behave any
23   differently now than there's been a verdict rendered.
24   He's also represented by extremely competent counsel
25   who I'm sure is going to fully explain to him the

1  consequences of not being compliant at this stage of
2  the game.
3          MR. LAZARUS: Your Honor, could we also ask for
4  advanced notification of any liquidation or disposition
5  of assets in excess of $5,000?
6          THE COURT: Isn't that already a condition?
7          MR. LAZARUS: I don't know that it is, and I
8  would just ask that, if he's going to be selling
9  anything or if he's going to be moving any money
10 around, that we at least be notified 48 hours in
11 advance.
12         THE COURT: I thought -- is that not one of his
13 current conditions? I know I'm notified every time
14 there's been a sale of stock.
15         MR. LAZARUS: Well, actually, the stock has been
16 frozen, but in terms of other assets aside from the
17 INSYS stock, with respect to the non-INSYS stock
18 assets, we don't have any way at this point of knowing,
19 so if he's going to sell an asset or liquidate an
20 asset, we'll likely be asking for a forfeiture,
21 restitution and a fine, there'll be a big financial
22 component, so we would just ask for advanced notice of
23 it, and then if there's any appropriate steps we want
24 to take, we'll bring that to the Court promptly.
25         THE COURT: I don't want to do that on the fly,

```
 1     so why don't you submit something in writing.
 2             And if you could please not dissipate any assets
 3     until we rule on that motion; okay?
 4             MR. LAZARUS:  Thank you, Your Honor.
 5             MS. WILKINSON:  We agree with that, Your Honor.
 6     We won't dissipate any assets until you resolve the
 7     issue.
 8             THE COURT:  Okay.  I'm going to go up and talk
 9     to the jury.  Does anybody want to be heard at sidebar
10     before I go up there?
11             MR. WYSHAK:  No, Your Honor.
12             MR. LAZARUS:  No, Your Honor.
13             MS. WILKINSON:  No, Your Honor.
14             THE COURT:  Okay.  All right.  Thank you.  The
15     case is recessed.
16             THE CLERK:  Court is adjourned.
17             (Adjourned, 2:38 p.m.)
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

I, Debra D. Lajoie, RPR-FCRR-CRI-RMR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

/s/ Debra D. Lajoie

5/3/19